IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1997 SESSION



**FILED**

**September 18, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

STATE OF TENNESSEE,  )
         )
    APPELLEE,  )
         )  No. 01-C-01-9607-CC-00299
         )
         )  Warren County
v.        )
         )  Charles D. Haston, Judge
         )
         )  (Driving While Under the Influence and
         )   Failure to Yield to an Emergency Vehicle)
GREG POPE,    )
         )
    APPELLANT. )


FOR THE APPELLANT:

Lionel R. Barrett, Jr.
Attorney at Law
Washington Square Two, Suite 417
222 Second Avenue, North
Nashville, TN 37201
(Appeal Only)

Robert W. Newman
Attorney at Law
308 West Main Street
McMinnville, TN 37110
(Trial Only)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Peter M. Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William M. Locke
District Attorney General
P.O. Box 410
McMinnville, TN 37110-0410

Thomas J. Miner
Assistant District Attorney General
P.O. Box 410
McMinnville, TN 37110-0410


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Greg Pope (defendant), was convicted of driving while under the influence (DUI), third offense, a Class A misdemeanor, and failing to yield to an emergency vehicle, a Class C misdemeanor, by a jury of his peers. The trial court imposed a sentence consisting of an $1,100 fine and confinement for eleven months and twenty-nine days in the Warren County Jail in the DUI case. The court suspended all but six months of this sentence and placed the defendant on probation after his release from imprisonment. The court imposed a sentence consisting of confinement for thirty (30) days in the Warren County Jail for failure to yield to an emergency vehicle. The trial court suspended this entire sentence and placed the defendant on probation. However, the two sentences are to be served consecutively. In this Court, the defendant contends the evidence contained in the record is insufficient, as a matter of law, to support his conviction for DUI. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this Court that the judgment of the trial court should be affirmed.

On the afternoon of July 16, 1994, the defendant stopped David L. Rigsby. They exchanged words. Rigsby went home. During the early morning hours of July 17, 1994, the defendant and a female companion went to the Rigsby residence on a four wheeler. Mr. Rigsby told the defendant to leave his property immediately. The defendant complied with this request. In the interim, Mrs. Brenda Rigsby called the Warren County Sheriff's Department. She told the dispatcher a person driving a four wheeler and a female companion were creating a disturbance at her residence, and the person driving the four wheeler was intoxicated.

While Deputy Sheriff Webb and Officer Grissom, who was riding with Webb, were responding to the call, they saw a four wheeler vehicle traveling in the opposite direction. There was a female companion riding with the driver. They turned around and pursued the vehicle. Deputy Webb activated the emergency lights, but the defendant failed to stop. He then activated the siren. Again, the defendant refused to stop. Finally, the defendant came to an abrupt stop in the middle of the roadway without warning. Deputy Webb

1

almost hit the four wheeler. The defendant turned off the roadway on to a dirt path running through a utility right of way. The police cruiser could not be driven along the path. The officers followed the four wheeler with a spotlight. They subsequently saw the vehicle strike the limbs from a tree top and stall. Both officers ran to the area where the vehicle was located. While the defendant was able to get the vehicle started again, Officer Grissom was able to turn the motor off.

Both officers testified the defendant was intoxicated and his ability to drive the vehicle was impaired. The officers found a container filled with a mixture of vodka and orange juice. They could smell an odor of an intoxicating beverage on the defendant's breath. The defendant stated he had been drinking the vodka and orange juice mixture. The officers also testified the defendant's speech was slurred, he was unsteady on his feet at the site of the arrest and at the jail, and he failed the field sobriety tests administered by Deputy Webb. A chemical breath test revealed a blood alcohol content of .18%.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the

2

trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

This Court realizes there is evidence in the record the defendant drove the vehicle he was operating in a normal manner and at a reasonable speed. In short, there were no signs of erratic driving on his part. However, based upon the rules governing the sufficiency of the evidence, this Court finds the evidence contained in the record is sufficient to support a finding by a rational trier of fact that the defendant was guilty of driving while under the influence beyond a reasonable doubt. Tenn. R. App. P. 13(e). See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
WILLIAM M. BARKER, JUDGE


_____
THOMAS T. WOODALL, JUDGE


3